The opinion of the court was delivered by
Gibson, C. J.
The interest of a husband in his wife’s land, is an incident of the marriage contract, as. much within his power as the absolute ownership of her chattels, which he may relinquish by an agreement vvithout the intervention of trustees; as was decided in M‘Kennon’s Executors v. Phillips, at the last March term. Where a creditor has not acquired an interest by judgment before the agreement to live separate, it is impossible to inriagine a reason for a difference. A judgment would, undoubtedly, not be defeated by a subsequent agreement, or any other contrivance; but, where the agreement is bona fide, and precedes thé judgment, a creditor shall not insist on the marital rights of the husband after the husband has thought fit to abandon them, and this also was determined at the last *364 March term, in the case of Starret v. Wynn, (ante, 132.) I lay no stress on the-conveyance to the wife being in terms which indicate an intention to restrain the rights of the husband, to limits as narrow as the policy of the law will admit. The parties had been notoriously living separate for some years, which was sufficient .to put creditors on-their guard: so that we should presume too far to say, the debt was contracted on the credit of a supposed interest in the land. At all events, if this could avail the creditor,,it was a circumstance to be left to the jury, and the evidence, therefore, should have been admitted.
Judgment reversed, and a venire facias de novo awarded.